IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tasha Smith on behalf of herself and all other plaintiffs similarly situated, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 1:21-cv-01675 |
| ACCEPTANCE SOLUTIONS GROUP, INC. and DAVID LANSBURGH, an individual, | ) ) ) ) | Hon. Judge John J. Tharp Jr. |
| Defendants. | ) ) ) | |

## ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Acceptance Solutions Group, Inc. ("Acceptance" or "ASG") and David Lansburgh ("Lansburgh") (together, "Defendants"), through their attorneys, hereby respond to the Class and Collective Action Complaint ("Complaint") of Plaintiff Tasha Smith ("Plaintiff") as follows.

### PARAGRAPH NO. 1

Plaintiff worked as hourly wage worker in the collections department for Acceptance.

### ANSWER NO. 1

Defendants admit the allegations in Paragraph No. 1 of the Complaint.

### PARAGRAPH NO. 2

Defendant Acceptance Solutions Group, Inc. is a Delaware entity headquartered at 750 N. Orleans, Chicago, IL 60654.

### ANSWER NO. 2

Defendants admit that ASG is a Delaware entity but deny the remaining allegations in Paragraph No. 2 of the Complaint.

### PARAGRAPH NO. 3

Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

### ANSWER NO. 3

Defendants admit ASG was an enterprise engaged in commerce or in the production of goods for commerce under the Fair Labor Standards Act ("FLSA"). Defendants deny the remaining allegations in Paragraph No. 3 of the Complaint.

### PARAGRAPH NO. 4

During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

### ANSWER NO. 4

Defendants deny the allegations in Paragraph No. 4 of the Complaint. **[confirm]**

### PARAGRAPH NO. 5

Defendant was the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

### ANSWER NO. 5

Defendants admit that for a period of time ASG was the Plaintiff's employer. Defendants deny the remaining allegations in Paragraph No. 5 of the Complaint.

### PARAGRAPH NO. 6

Defendant was the Plaintiff's "employer" as defined by the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1;. 820 ILCS 105/3(c)

### ANSWER NO. 6

Defendants admit that for a period of time ASG was the Plaintiff's employer. Defendants deny the remaining allegations in Paragraph No. 6 of the Complaint.

## PARAGRAPH NO. 7

Plaintiff was Defendant's "employees" [sic] as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

## ANSWER NO. 7

Defendants admit that for a period of time Plaintiff was ASG's employee. Defendants deny the remaining allegations in Paragraph No. 7 of the Complaint.

## PARAGRAPH NO. 8

Plaintiff was Defendant's "employees" [sic] as that term is defined by the IMWL. 820 ILCS 105/3(d)

## ANSWER NO. 8

Defendants admit that for a period of time Plaintiff was ASG's employee. Defendants deny the remaining allegations in Paragraph No. 8 of the Complaint.

## PARAGRAPH NO. 9

David Lansburgh is the President of Acceptance Solutions Group, Inc.

## ANSWER NO. 9

Defendants deny the allegations in Paragraph No. 9 of the Complaint.

### Jurisdiction and Venue

## PARAGRAPH NO. 10

Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

## ANSWER NO. 10

Defendants admit the allegations in Paragraph No. 10 of the Complaint.

## PARAGRAPH NO. 11

Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

### ANSWER NO. 11

Defendants admit venue is proper in this Judicial District. Defendants deny the remaining allegations in Paragraph No. 11 of the Complaint.

### Factual Allegations

### PARAGRAPH NO. 12

Plaintiff worked for Acceptance within the past three years in the collection's department.

### ANSWER NO. 12

Defendants admit the allegations in Paragraph No. 12 of the Complaint.

### PARAGRAPH NO. 13

Acceptance did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week because it failed to capture commission compensation when calculating employees' regular rates of pay.

### ANSWER NO. 13

Defendants deny the allegations in Paragraph No. 13 of the Complaint.

### PARAGRAPH NO. 14

By way of example, Acceptance did not pay Plaintiff one and one-half times her full regular rate of pay for all hours worked in excess of forty in an individual work week because it did not capture commissions paid when calculating the regular rate and, therefore, the overtime rate for the pay periods of 5/1/2018 through 5/15/2018 and 10/1/2018 through 10/15/2018. While certain overtime hours were paid, the Defendant failed to pay for all hours worked over forty in a work week at one and one-half times their regular rate of pay.

### ANSWER NO. 14

Defendants deny the allegations in Paragraph No. 14 of the Complaint.

### PARAGRAPH NO. 15

Other similarly situated employees have been employed by the Defendant and have not been paid the for all hours worked over forty in a work week at one and one-half times their regular rate of pay.

## ANSWER NO. 15

Defendants deny the allegations in Paragraph No. 15 of the Complaint.

## PARAGRAPH NO. 16

The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## ANSWER NO. 16

Defendants admit the allegations in Paragraph No. 16 of the Complaint.

## PARAGRAPH NO. 17

Defendant David Lansburgh implemented and oversaw the policies and practices described herein.

## ANSWER NO. 17

Defendants deny the allegations in Paragraph No. 17 of the Complaint.

## PARAGRAPH NO. 18

Defendant David Lansburgh was active in the day-to-day operations of Acceptance Solutions Group, Inc. For instance, David would often and regularly talk with Magun and other employees about work and work goals.

## ANSWER NO. 18

Defendants admit Lansburgh was active in the operations of ASG for a period of time.

Defendants deny the remaining allegations in Paragraph No. 18 of the Complaint.

## PARAGRAPH NO. 19

Defendant David Lansburgh was personally involved in the payroll policies of Acceptance Solutions Group, Inc. For instance, David once gave Magun a personal check for commission payments that were not properly paid on her paycheck.

## ANSWER NO. 19

Defendants deny the allegations in Paragraph No. 19 of the Complaint.

## PARAGRAPH NO. 20

Defendant Acceptance collected Plaintiff's and other employees' biometric information for use in Defendant's time clock without obtaining written consent.

## ANSWER NO. 20

Defendants deny the allegations in Paragraph No. 20 of the Complaint.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

## PARAGRAPH NO. 21

Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of themselves and all other non-exempt employees in the collections department who were not fully compensated for overtime hours worked.

## ANSWER NO. 21

Defendants admit Plaintiff purports to bring this suit as a collective action under the FLSA and a class action under Federal Rule of Civil Procedure 23 on behalf of herself and other non-exempt employees. Defendants deny the remaining allegations in Paragraph No. 21 of the Complaint.

## PARAGRAPH NO. 22

Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all members of the collection department and were not paid for all hours worked over forty in a work week at the required overtime rate of one and one-half times their regular rate of pay and had such rights undermined and neglected by Defendants' unlawful practices and policies.

## ANSWER NO. 22

Defendants deny the allegations in Paragraph No. 22 of the Complaint.

## PARAGRAPH NO. 23

Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

### ANSWER NO. 23

Defendants deny the allegations in Paragraph No. 23 of the Complaint.

### PARAGRAPH NO. 24

Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

### ANSWER NO. 24

Defendants deny the allegations in Paragraph No. 24 of the Complaint.

### PARAGRAPH NO. 25

There are estimated to dozens of other current and former employees within the asserted classes for this action during the material time who are similarly situated to Plaintiff. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

### ANSWER NO. 25

Defendants deny the allegations in Paragraph No. 25.

### PARAGRAPH NO. 26

The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

### ANSWER NO. 26

Defendants admit ASG maintains employment records about its former employees.

Defendants deny the remaining allegations in Paragraph No. 26 of the Complaint.

### PARAGRAPH NO. 27

Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### ANSWER NO. 27

Defendants deny the allegations in Paragraph No. 27 of the Complaint.

### COUNT I - FAIR LABOR STANDARDS ACT
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

### PARAGRAPH NO. 28

The Plaintiff re-alleges and incorporate by reference paragraphs 1-27.

### ANSWER NO. 28

Defendants incorporate their responses to Paragraph 1 through 27 as if fully set forth herein.

### PARAGRAPH NO. 29

Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

### ANSWER NO. 29

Defendants admit that under the FLSA, Plaintiffs and other non-exempt employees of ASG were entitled to be paid an overtime rate for each hour worked in excess of forty in a workweek. Defendants deny the remaining allegations in Paragraph No. 29 of the Complaint.

### PARAGRAPH NO. 30

The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

### ANSWER NO. 30

Defendants admit one way to compute overtime under the FLSA is to multiply 1.5 times an employee's regular rate of pay. Defendants deny the remaining allegations in Paragraph No. 30 of the Complaint.

## PARAGRAPH NO. 31

Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

## ANSWER NO. 31

Defendants deny the allegations in Paragraph No. 31 of the Complaint.

## PARAGRAPH NO. 32

Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

## ANSWER NO. 32

Defendants deny the allegations in Paragraph No. 32 of the Complaint.

## PARAGRAPH NO. 33

Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

## ANSWER NO. 33

Defendants deny the allegations in Paragraph No. 33 of the Complaint.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

## PARAGRAPH NO. 34

Plaintiff hereby allege and incorporate Paragraph 1 through 33 of this Complaint, as is fully set forth herein.

## ANSWER NO. 34

Defendants incorporate their responses to Paragraphs 1 through 33 as if fully set forth herein.

### PARAGRAPH NO. 35

This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

### ANSWER NO. 35

Defendants deny the allegations in Paragraph No. 35 of the Complaint.

### PARAGRAPH NO. 36

Under the IMWL, Defendants were and remain obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

### ANSWER NO. 36

Defendants admit that under the IMWL, ASG was obligated to compensate Plaintiffs and similarly situated employees for all hours worked in excess of forty hours in any individual work week. Defendants deny the remaining allegations set forth in Paragraph No. 36 of the Complaint.

### PARAGRAPH NO. 37

Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated at the required one and one-half times their regular rate for such overtime work.

### ANSWER NO. 37

Defendants deny the allegations in Paragraph No. 37 of the Complaint.

### PARAGRAPH NO. 38

By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

### ANSWER NO. 38

Defendants deny the allegations in Paragraph No. 38 of the Complaint.

## PARAGRAPH NO. 39

As a result of Defendants' policy and practices, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

## ANSWER NO. 39

Defendants deny the allegations in Paragraph No. 39 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs have failed to state a claim against Lansburgh under the FLSA or IMWL.

2. Plaintiffs are not eligible for liquidated damages in that if Defendants made any acts or omissions giving rise to liability, such acts or omissions were made in good faith.

3. Plaintiffs are not eligible for punitive damages because Defendants did not act willfully.

4. Plaintiffs' claims are barred by the applicable statute of limitations, to the extent Plaintiffs seek damages beyond the two or three year limitations period under the FLSA and/or the IMWL.

Defendants reserve their right to amend and supplement these affirmative and other defenses.

Dated: August 9, 2021

Respectfully submitted,

***/s/ Julie L. Gottshall***

Julie L. Gottshall
Janet R. Widmaier
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Julie.gottshall@kattenlaw.com
Janet.widmaier@kattenlaw.com

*Attorneys for Defendants Acceptance Solutions Group, Inc. and David Lansburgh*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 9, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record via the ECF system.


Dated: August 9, 2021                                            */s/ Julie L. Gottshall*